# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUIS DENNIS ROBERTS, JR.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,[1]<br>Defendant.<br>_______________________________________/ | Case No. 1:26-cv-06065-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT THE COMMISSIONER'S UNOPPPOSED MOTION TO DISMISS BE GRANTED**<br><br>(Doc. 8)<br><br>**OBJECTIONS DUE: 14 DAYS** |

## I. INTRODUCTION

On September 24, 2026, Defendant Frank Bisignano, Commissioner of Social Security (the "Commissioner" or "Defendant"), filed a motion to dismiss Plaintiff Marquis Dennis Roberts, Jr.'s ("Plaintiff") complaint. (Doc. 8.) The motion was referred to the undersigned for the preparation of findings and recommendations pursuant to 28 U.S.C. § 636(b). (Doc. 12.)

No opposition to the motion has been filed, and therefore the motion is deemed unopposed. *See* E.D. Cal. L.R. 230(c). Having reviewed the motion and the supporting material, the matter is

---

[1] On May 6, 2025, Frank Bisignano was appointed the Commissioner of the Social Security Administration. *See* https://www.ssa.gov/news/press/releases/2025/#2025-05-07. He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

found suitable for decision without oral argument pursuant to Local Rule 230(g), and no hearing will be set. *See id.* L.R. 230(g).

For the reasons set forth below, the undersigned recommends that the Commissioner's unopposed motion to dismiss be granted.

## II. BACKGROUND AND PROCEDURAL HISTORY

On August 28, 2025, an Administrative Law Judge ("ALJ") terminated Plaintiff's receipt of Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). (Declaration of Christianne Voegele ("Voegele Decl."), Doc. 8-1, ¶ 3 and Ex. 1.)[2] Plaintiff requested administrative review, but the Social Security Administration Appeals Council ("Appeals Council") denied review in a letter dated May 11, 2026. (*Id.*, ¶ 3 and Ex. 2). On August 3, 2026, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint for judicial review in this Court. (Docs. 1–3.)

## III. DISCUSSION

The Commissioner moves to dismiss Plaintiff's complaint, contending that his action is time barred under the Act. (Doc. 8.) The Commissioner asserts that, because the Appeals Council denied Plaintiff's request for review of the ALJ's decision in its Notice of Appeals Council Action dated May 11, 2026 (the "Notice"), Plaintiff was required to commence a civil action on or before July 15, 2026, sixty (60) days after the date of the Notice plus the five-day presumption of having received notice. (Doc. 8, pp. 3–4.) The Commissioner states that Plaintiff did not file his lawsuit until August 3, 2026, making it untimely. (*Id.*, at p. 4.) The Commissioner concludes that, although the Court may toll the 60-day period when the equities favor such action, there are no circumstances that warrant equitable tolling in this case. (*Id.*, pp. 4–5.)

---

[2] Although a court generally is confined to the pleadings on a motion to dismiss, it "may, however, consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999). The Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The documents attached to the Declaration of Christianne Voegele (Doc. 8-1), which accompanies the Commissioner's motion to dismiss, are ones upon which Plaintiff's complaint depends and so the undersigned considers them.

**A. Standards Applicable to the Commissioner's Motion to Dismiss**

Motions brought pursuant to Federal Rule of Civil Procedure 12(b)(6) test the sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The court is not required to assume the truth of legal conclusions that are cast in the form of factual allegations. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Although Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers more "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Where the facts and dates alleged in a complaint indicate that the action is time-barred, a motion to dismiss under Rule 12(b)(6) is appropriate. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). However, when a Rule 12(b)(6) motion is based upon the running of a statute of limitations, it can be granted only "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id*.

**B. The Act Sets Forth a 60–Day Statute of Limitations for Civil Actions Challenging a Final Decision of the Commissioner**

As a sovereign, the United States is immune from suit except according to its consent to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Congress has authorized federal judicial review of "any final decision of the Commissioner of Social Security made after a hearing on which [the claimant] was a party." 42 U.S.C. § 405(g). To seek judicial review of a final decision of the Commissioner, a plaintiff must commence a civil action in federal court "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." *Id*. The term "mailing" is construed as the date the claimant receives the notice. *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987). A claimant is presumed to have received notice "5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). "If the plaintiff successfully rebuts the presumption of presumed receipt, the burden is then placed upon the Commissioner to establish that the plaintiff received actual notice." *Wheat v. Comm'r of Soc. Sec*., No. 2:14-CV-0688-CMK PS, 2017 WL 469311, at *3 (E.D. Cal. Feb. 3, 2017).

The time limit for filing is not jurisdictional; rather, the limit "constitutes a statute of limitations." *Bowen v. City of N.Y.*, 476 U.S. 467, 478 (1986); *Vernon*, 811 F.2d at 1277. However, the time limitation is a condition precedent to the waiver of sovereign immunity and therefore must be strictly construed. *Bowen*, 476 U.S. at 479. "Accordingly, courts have dismissed actions filed only days after the expiration of this statute of limitations." *Edmond v. Colvin*, No. ED CV 14–196–PSG (E), 2014 WL 4964309, at * 3 (C.D. Cal. Aug. 29, 2014) (citing *Tate v. United States*, 437 F.2d 88 (9th Cir. 1971)); *accord Davila v. Barnhart*, 225 F. Supp. 2d 337, 340 (S.D.N.Y. 2002); *O'Neill v. Heckler*, 579 F. Supp. 979, 981 (E.D. Pa. 1984)).

**C. Plaintiff Failed to File His Complaint Within the 60-Day Limitations Period**

In this case, it is undisputed that the Notice denying Plaintiff's request for review of the ALJ's decision, which represented the final decision of the Commissioner, was dated May 11, 2026. (Voegele Decl. ¶ 3, Doc. 16-1, Ex. 2.) Five days after the date of the Notice was Saturday, May 16, 2026, and 60 days thereafter was Wednesday, July 15, 2026. *See* 42 U.S.C. § 405(g); 20 C.F.R. §

422.210(c). It is undisputed that Plaintiff's complaint was not filed until Monday, August 3, 2026. (Doc. 1.)

Plaintiff did not respond to the Commissioner's motion, and there is nothing in the record suggesting that he did not receive the Notice by May 16, 2026, in order to rebut the statutory presumption. To the contrary, Plaintiff's complaint alleges that he received the Notice on May 15, 2026. (Doc. 1 at 3.) The undersigned therefore finds Plaintiff's complaint was untimely because it was not filed on or before July 15, 2026. *See Henderson v. Astrue*, 321 Fed. App'x 624 (9th Cir. Apr. 6, 2009) (unpublished) (upholding dismissal of *pro se* Social Security complaint as untimely when the complaint was filed beyond the statutory period). Even a one-day delay in filing the action necessitates dismissal. *See, e.g.*, *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint filed one day late); *see also Zampella v. Barnhart*, No. 03–232–P–C, 2004 WL 1529297, at *2 (D. Me. June 16, 2004) ("While this result might be considered harsh, delays of a single day have been held to require dismissal . . . ."); *Davila*, 225 F. Supp. 2d at 340; *O'Neill*, 579 F. Supp. at 981.

**D. None of the Exceptions to the 60-Day Limitations Period Applies**

There are two exceptions to the 60-day time limitation for seeking judicial review of the ALJ's decision. First, Section 405 provides that the Commissioner may allow a claimant additional time to file a civil action contesting a decision. 42 U.S.C. § 405(g). There is no indication that Plaintiff sought or that the Commissioner granted him such an extension. (*See* Voegele Decl. ¶ 3, Doc. 16-1.)

Second, the limitation can be tolled by traditional equitable tolling or estoppel principles, such as when the cause of action is based on duress or undue influence or when the defendant fraudulently conceals the cause of action, affirmatively misleads plaintiff, or engages in misconduct or deception. *Bowen*, 476 U.S. at 479–80; *Vernon*, 811 F.2d at 1277–78. Only in rare cases will the doctrine of equitable tolling allow a plaintiff to avoid the statute of limitations. *See Bowen*, 476 U.S. at 480–81. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Lazerson v. Colvin*, Case No.: 4:13–cv–02832–YGR, 2014 WL

967048, at *4 (N.D. Cal. Mar. 6, 2014) (citing *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012)). Given that the imitations period must be strictly construed, "[t]he task of showing a basis for equitably tolling the statute of limitations may . . . prove to be daunting." *Vernon*, 811 F.2d at 1278.

Plaintiff has not filed an opposition to the motion to dismiss and thus has provided no argument or authority that the doctrines of estoppel or equitable tolling should apply, and there is no support for equitable tolling on the face of the complaint itself.[3] (*See* Doc. 1.) Plaintiff has not offered any explanation for his failure to file his complaint within the 60-day filing period. The undersigned concludes that dismissal is therefore proper, as there is no showing that Plaintiff could prevail on the equitable tolling issue. *See, e.g., Lazerson*, 2014 WL 967048, at *4 (granting motion to dismiss where allegations in complaint failed to establish potential applicability of equitable tolling doctrine).

## IV. CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the undersigned RECOMMENDS that the Commissioner's unopposed motion to dismiss (Doc. 8) be GRANTED, that Plaintiff's complaint be DISMISSED, and the Clerk of Court CLOSE this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v.*

---

[3] Plaintiff instead pleads that he filed his complaint "within 60 days of receipt of appeals council's final decision, as required by 42 U.S.C 405 (g)." (Doc. 1 at 6.)

*Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 21, 2026**

/s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE